[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, at Hartford, Docket No. 56246;
 Christopher Cosgrove, Esq., Assistant: Public Defender, for the Petitioner. Christopher Morano, Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
BY THE DIVISION: The petitioner was found guilty by a jury of Burglary, first degree (Conn. Gen. Stat. Sec.53a-101); Assault, First Degree of a victim sixty years of age or older (Conn. Gen. Stat. Sec. 53a-59a); and Robbery First Degree (Conn. Gen. Stat. Sec. 53a-134). Each offense is a Class B felony with a maximum penalty of twenty years. He was sentenced to twenty (20) years on the Burglary Count; twenty (20) years consecutively on the assault Count and twenty (20) years concurrently on the Robbery Count. The total effective sentence being forty (40) years.
The petitioner's crimes involved a forcible entry into the home of a seventy year old woman, a vicious attack which rendered her unconscious and head injuries requiring suturing. A breast nipple was lacerated and a portion had to be surgically removed. When she regained consciousness her pants and underpants were below her hips. This was an outrageous invasion to the home and person of a defenseless woman. CT Page 6453
The predatory and dangerous nature of the petitioner is well documented by his criminal record. Those convictions include Criminal Trespass and Public Indecency where the petitioner was masturbating on the victim's front porch, larceny for theft of a wallet from an automobile on two separate occasions, a second Public Indecency conviction involving public masturbation; sexual assault, first degree which involved a sexual assault by the petitioner upon a fellow inmate; assault third degree in connection with an attack on a bar patron; the theft of mail, (a federal conviction), a prior assault of a person over the age of sixty (60) years and Robbery third degree wherein the victim was assaulted and robbed in her own garage; and Risk of Injury which involved the physical and sexual assault of a four (4) year old boy.
The sentencing court considered this terrible criminal past and the petitioner's propensity for violence, even while incarcerated, and concluded that protection of society should be a paramount consideration. The pre-sentence report recommended "an extremely lengthy period of incarceration to protect the community."
The petitioner's maximum exposure was sixty (60) years. Under all the circumstances of this case as well as the deterrent, denunciatory and public protection purposes of incarceration, the sentence imposed was not disproportionate or otherwise inappropriate. It is affirmed.
PURTILL, J.